IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SUSAN STIMPSON,

        Plaintiff,

vs.

THE HARTFORD and TRUSTEES
OF BETHANY COLLEGE
EMPLOYEE BENEFIT PLAN,

        Defendants.

Civil Action Number: 5:17-CV-152 (Bailey)

ELECTRONICALLY FILED
Oct 02 2017
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

AND NOW, comes the Plaintiff, Susan Stimpson, by and through her undersigned counsel and files the within Complaint, to obtain declaratory relief, and recover long-term disability benefits and other employee benefit contributions including waiver of premium for life insurance under an ERISA employee benefit plan, and to recover costs, prejudgment interest and attorney's fees.

### JURISDICTION AND VENUE

1. This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under §502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2. Venue is properly laid in this district pursuant to section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the subject employee benefit plan is administered in this district, the

breaches of duty herein alleged occurred in this district, and plaintiff resides in this district, and pursuant to 28 U.S.C. §1391(b), in that the causes of action arose in this district.

## PARTIES

3. Plaintiff, Susan Stimpson, is an adult individual who resides in Wellsburg, WV 26070 (Brooke County).

4. Defendant, The Hartford, is the underwriting insurance company of the Plan and is located at P.O. Box 14087, Lexington, KY 40512-4087.

5. Defendant, Trustees of the Bethany College Employee Benefits Plan, is a benefit plan as defined by ERISA doing business with its principal place of business located at 31 E. Campus Drive, Bethany, WV 26032.

## SUMMARY OF ACTION

6. Ms. Stimpson is currently 62 years old and worked for Bethany College since 1983 most recently as the Director of Employee Services.

7. On or about March 3, 2009, Ms. Stimpson was unable to continue working in her own occupation due to symptoms of pain and numbness in her back, neck and legs associated with degenerative disc disease.

8. Dr. DePetro, plaintiff's internal medicine physician, issued medical restrictions that Ms. Stimpson was unable to work in any occupation. Despite multiple surgeries and an implantable subcutaneous stimulator for pain control, Dr. DePetro noted that "no one knowing that this level of limitation would be placed on her would hire her for any occupation".

9. Despite these opinions and medical restrictions, defendants denied Ms. Stimpson's long-term disability and waiver of premium for life insurance benefits after having approved and paid them for many years.

10. In letters dated August 24, 2015 following an appeal, Hartford issued final denial letters under Policy GLT851442 for long-term disability benefits and under Policy OGL851442 for waiver of premium for life insurance.

11. Hartford previously approved Ms. Stimpson's application for long-term disability initially under the "own occupation" and then under the same "any occupation" definition of disability through October 2, 2014.

12. Under the long-term disability policy, an eligible employee will be considered disabled if "you are prevented from performing one or more of the Essential Duties of Any Occupation". Any Occupations is defined as "an occupation for which you are qualified by education, training or experience, and that has an earnings potential greater than an amount equal to the lesser of the product of your Indexed Pre-disability Earnings and the Benefit Percentage and the Maximum Monthly Benefit shown in the Schedule of Insurance".

13. Hartford failed to consider the administrative findings of the Social Security Administration and vocational impact of the same restrictions including that Ms. Stimpson would require "up to two hours in unscheduled breaks each workday" because of pain affecting her concentration and to relieve pain.

14. As a result of Defendants' denial of long-term disability benefits, Ms. Stimpson has not received the monthly benefits and other contributions under the plan to which she is entitled since October 2, 2014 to the present.

**(CLAIM FOR BENEFITS UNDER THE PLAN- 29 USC 1132(a)(1)(B))**

15. The averments set forth in the above paragraphs are incorporated by reference.

16. The Plan provides the Plaintiff is entitled to replacement disability income ("Disability Benefits") and other benefits based upon her becoming disabled within the meaning of the Plan.

17. Plaintiff has established her disability within the meaning of the Plan and is entitled to Disability Benefits because she is limited from performing the material and substantial duties of any occupation due to her sickness or injury.

18. Plaintiff is entitled to payment of the Disability Benefits under the Plan because her medical conditions and symptoms prevent her from performing the material and substantial duties of any occupation.

19. Defendants' denial of any occupation long-term disability benefits and other contributions under the plan constitutes denial of benefits governed by ERISA.

20. Plaintiff has exhausted all administrative levels of appeal by the issuance of the final denial letter dated August 24, 2015.

21. Defendant, Hartford's decision is infected with conflict of interest in that it both made the decision regarding eligibility of long-term disability benefits and is responsible under the insurance policy for paying the benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Susan Stimpson, respectfully prays that the court: (1) declare that the Defendants are obligated to pay Plaintiff her past due disability benefits and all other contributions and benefits under the plan; (2) award Plaintiff the costs of this action, interest, and reasonable attorneys' fees; and (3) award such other further and different relief as may be just and proper.

Respectfully submitted,

MORGAN & PAUL, PLLC


*/s/ Gregory G. Paul*
GREGORY G. PAUL
WV ID No.: 8129
First and Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA  15222
(412) 259-8375
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com

Attorney for Plaintiff

Dated:  October 2, 2017